**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
VASIL POPOV

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| **VASIL POPOV, Individually and on Behalf of All Others Similarly Situated,** | Case No.: 8:20-cv-1265 |
| **Plaintiff,** | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL FOR:** |
| **vs.** | |
| **TOTAL CREDIT RECOVERY, INC..** | 1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692];** |
| **Defendant(s).** | 2. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

Plaintiff, VASIL POPOV ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

- 1 -

## NATURE OF THE CASE

1.     Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of TOTAL CREDIT RECOVERY, INC.. ("Defendant"), in: 1) negligently, knowingly, and/or willfully communicating with Plaintiff and the class members and failing to provide Plaintiff with meaningful disclosure of Defendant's identity in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and; 2) negligently or intentionally contacting Plaintiff and Class members on their cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

## JURISDICTION & VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 47 U.S.C. 227.

3.      Venue is proper in the United States District Court for the Central District of California because Defendant does business within the state of California and Plaintiff resides in Orange County and within this judicial district.

## PARTIES

4.     Plaintiff, VASIL KRAPF ("Plaintiff"), is a natural person residing in Orange County, California and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5.     At all relevant times herein, Defendant, TOTAL CREDIT RECOVERY, INC.. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5).     Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

//

CLASS ACTION COMPLAINT FOR DAMAGES

## FACTUAL ALLEGATIONS

6.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7.    The alleged debt is a "debt" as defined by the FDCPA, as it was incurred for personal, family and/or household use/purposes.

8.    Defendant, in its attempt to collect the alleged debt owed by Plaintiff, placed telephone calls to Plaintiff's telephone number ending in 0757.

9.    Plaintiff is and has been at all times relevant to this action, the regular and sole user of his cellular telephone number ending in 0757.

10.   Upon information and belief, Defendant regularly makes autodialed telephone calls to consumers in order to collect a debt.

11.   At no point did Plaintiff provide authorization to receive autodialed calls on his cellular telephone from Defendant.

12.   Nonetheless beginning in or about January, 2020, Defendant initiated debt collection telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

13.   The calls were annoying, invasive, aggravating, and time-consuming. Defendant regularly contacted Plaintiff regarding an alleged debt owed to Defendant by Birk Krapft ("Birk").  Plaintiff explained over and over why he did not owe them any money and asked for them to stop calling.  Birk Krapft is Plaintiff's step-father, and Plaintiff shares no connection in regards to Birk's account with Defendant.

14.   On or about January 31, 2020, at approximately 9:46 a.m., Defendant made an outbound call to Plaintiff's cellular telephone from the phone number 1 (855) 378-8365 and left an artificial or prerecorded voice message on Plaintiff's telephone as follows:

- 3 -

"… the outreach department is 855-378-8365 … I repeat its 855-378-8365 … thank you"

15.     Defendant's voice messages do not inform Plaintiff of Defendant's true and correct business name, but simply refers to itself as "we" or to return "our" calls.

16.     Upon information and belief, the voice messages left by Defendant are scripted and artificial or prerecorded messages that Defendant either prepared itself or reviewed and approved to have its outbound dialing system utilize when leaving voice messages for Plaintiff and the class members.  It is Defendant's internal policy and procedure to leave these scripted, artificial or prerecorded and pre-approved messages each and every time Defendant leaves a voicemail message on a consumer's telephone relating to the collection of a debt.

17.     Each of the artificial or prerecorded voice messages was impersonal in nature.

18.     When Plaintiff answered the calls, Plaintiff was greeted with several seconds of "dead air" whereby no person was on the other line.  After these several seconds elapsed, each of the above artificial or precorded messages played, and upon conclusion of the message, were followed by several more seconds of dead-air.

19.     This "dead air" is commonplace with autodialing and/or predictive dialing equipment.  Were the calls at issue to have been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

20.     Upon information and belief, the automated telephone system used by Defendant or its agents to place the artificial or pre-recorded calls has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

- 4 -

21.     Upon information and belief, the automated telephone system also has the capacity to, and does, automatically dial telephone numbers stored as a list or in a database.

22.     Plaintiff has no business relationship with Defendant whatsoever and never provided Defendant with Plaintiff's cellular telephone number for any purpose.  Accordingly, Defendant did not have Plaintiff's "prior express consent" to call Plaintiff's cell phone utilizing an automated telephone dialing system or prerecorded voice messages.

23.     Upon information and belief, Defendant obtained Plaintiff's cell phone number from someone other than Plaintiff.

24.     Defendant's telephonic communications were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

25.     Defendant's telephonic communications were made to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for cellular telephone service, pursuant to 47 U.S.C. § 227(b)(1).

26.     Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

27.     Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and annoyed that Defendant annoyed Plaintiff with an unwanted artificial or pre-recorded voice messages using an ATDS without his prior express consent.

28.     These telephone calls by Defendants or its agents were made in violation of 47 U.S.C. § 227(b)(1).

29.     Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this

nuisance and privacy invasion." Pub. L. No. 102-243 §§2(10-13) (Dec. 20, 1991) codified at 47 U.S.C. § 227.

30.    Defendant's action harmed Plaintiff by causing the very harm that Congress sought to prevent – a "nuisance and invasion of privacy."

31.    Defendant's actions harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interest in Plaintiff's cellular telephone.

32.    Defendant's actions harmed Plaintiff by intruding upon Plaintiff's seclusion.

33.    Defendant's actions harmed Plaintiff by causing Plaintiff aggravation and annoyance.

34.    Defendant's actions harmed Plaintiff by wasting Plaintiff's time.

35.    Defendant's actions harmed Plaintiff in the loss of use of his phone during the time that her phone was occupied by incoming calls.

36.    Defendant's action harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

## CLASS ALLEGATIONS

37.    Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed classes (hereafter "The Classes") defined as follows:

### FDCPA CLASS

All United States residents who received any debt collection telephone calls from Defendant which resulted in Defendant transmitting a voice message that is identical or substantially similar to the ones Plaintiff received from Defendant, in which Defendant failed to inform said person of Defendant's true and correct business name, within the one year prior to the filing of this Complaint.

### TCPA CLASS

All persons or entities within the United States who (1) within four

CLASS ACTION COMPLAINT FOR DAMAGES

years of the commencement of this action (2) received a nonemergency telephone call from Defendant regarding a debt allegedly owed from Defendant (3) to a cellular telephone line (4) through the use of an ATDS or an artificial or prerecorded voice (5) wherein said person had not previously consented to receive any such calls.

38.     Plaintiff represents, and is a member of, the FDCPA class, consisting of All United States residents who received any collection telephone call from Defendant which resulted in Defendant transmitting a voice message that is identical or substantially similar to that Plaintiff received from Defendant, which failed to inform said person of Defendant's true and correct business name, within the one year prior to the filing of this Complaint.

39.     Plaintiff represents, and is a member of, the TCPA class, consisting of all persons or entities within the United States who within four years of the commencement of this action received a nonemergency telephone call from Defendant regarding a debt allegedly owed from Defendant to a cellular telephone line through the use of an ATDS or an artificial or prerecorded voice wherein said person had not previously consented to receive any such calls.

40.     Plaintiff reserves the right to redefine the Classes as appropriate based on discovery and specific theories of liability.

41.     Defendant and its employees or agents are excluded from the Classes.

42.     The Classes are so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Classes' members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes include hundreds if not thousands of members.  Plaintiff alleges that The Classes' members may be ascertained by the records maintained by Defendant.

43.     Plaintiff and members of The Classes were harmed by the acts of

CLASS ACTION COMPLAINT FOR DAMAGES

Defendant in at least the following ways:  Defendant invaded Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each collection communication, including Defendant's true and correct business name; Defendant engaged in the unfair business practice of intentionally, falsely and deceptively depriving Plaintiff and the putative class of their right to specific information mandated by the FDCPA to be provided by Defendant in each collection communication, including Defendant's true and correct business name; Defendant impermissibly caused Plaintiff and the putative class confusion and/or lack of knowledge and information such as Defendant's true and correct business name; Defendant caused Plaintiff and the putative class to expend needless time in receiving, researching and attempting to identify on their own who Defendant is and what Defendant's true and correct business name is; Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls; and, Defendant invaded the privacy of said Plaintiff and Class members.

44.    Common questions of fact and law exist as to all members of The Classes which predominate over any questions affecting only individual members of The Classes.  These common legal and factual questions, which do not vary between the Classes' members, and which may be determined without reference to the individual circumstances of any of the Classes' members, include, but are not limited to, the following

a.    Whether Defendant has communicated with consumers in connection with the collection of an alleged debt wherein Defendant fails to inform said consumers of Defendant's true and correct business name;

b..    Whether, within four years prior to the filing of this Complaint, Defendant or its agents initiated any telephonic communications to Class members

CLASS ACTION COMPLAINT FOR DAMAGES

(other than a message made for emergency purposes or made with the prior express consent of the called party) using any ATDS or prerecorded voice to any telephone number assigned to a cellular phone service;

c.. Whether Defendant has, and continues to have, a policy during the relevant period, of making debt collection telephone calls to the Class members;

d.. Whether Defendant's policy or practice of utilizing an ATDS and/or prerecorded message to initiate telephone communications with Class members caused any damages to Class members thereby, and the extent of damages for such violations;

e.. Whether Defendant should be enjoined from engaging in such conduct in the future;

f.. Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

g.. Whether Defendant's conduct was knowing and/or willful.

h.. The nature and extent of damages and other remedies to which the conduct of Defendant entitles the Class members.

45. As a person that received collection calls from Defendant wherein Defendant failed to inform him of Defendant's true and correct business name, and received nonemergency telephone calls from Defendant regarding a debt allegedly owed from Defendant to a cellular telephone line through the use of an ATDS or an artificial or prerecorded voice wherein said person had not previously consented to receive any such calls, Plaintiff is asserting claims that are typical of The Classes.

46. Plaintiff will fairly and adequately protect the interests of the members of The Classes.  Plaintiff has retained attorneys experienced in the prosecution of consumer class actions.

47. A class action is superior to other available methods of fair and efficient adjudication of this controversy since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford

CLASS ACTION COMPLAINT FOR DAMAGES

individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

48.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

49.    Defendant has acted or refused to act in respects generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

50.    As a result of Defendant's alleged violations of law by leaving these voice messages on Plaintiff's and the putative class' telephone(s) without the requisite disclosures as mandated by the FDCPA, Defendant caused Plaintiff and the putative class harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

a.    Invading Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each collection communication, including Defendant's true and correct business name;

b.    Engaging in the unfair business practice of intentionally, falsely and deceptively depriving Plaintiff and the putative class of their right to specific information mandated by the FDCPA to be provided by

Defendant in each collection communication, including Defendant's true and correct business name;

c.     Impermissibly causing Plaintiff and the putative class confusion and/or lack of knowledge and information such as Defendant's true and correct business name;

d.     Causing Plaintiff and the putative class to expend needless time in receiving, researching and attempting to identify on their own who Defendant is and what Defendant's true and correct business name is.

51.    As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent as mandated by the TCPA, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

a.     Invading Plaintiff's privacy;

b.     Electronically intruding upon Plaintiff's seclusion;

c.     Intrusion into Plaintiff's use and enjoyment of her cellular telephone;

d.     Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone;

e.     Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ.

(By Plaintiff and the Class Against All Defendants)

52.    Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

53.    Based upon the foregoing, Defendant's conduct violated the FDCPA as follows:

- 11 -

a)      Placing telephone calls without providing meaningful disclosure of the caller's identity (§1692d(6));

b)      Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (§ 1692e(10));

54.     Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

55.     As a direct and proximate result of Defendant's violations of the FDCPA, *15 U.S.C. § 1692 et seq.*, Plaintiff and the members of the Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *15 U.S.C. § 1692k.*

56.     The violations of the FDCPA, *15 U.S.C. § 1692 et seq.,* described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## SECOND CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET. SEQ.

57.     Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

58.     The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

59.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

60.     Plaintiff and the Class are also entitled to and seek injunctive relief

prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.

61.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

63.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each of the Class are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

64.     Plaintiff and the Class are also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

a. **On the First Cause of Action for Violations of the FDCPA, that**:

1) this action be certified as a class action on behalf of The Class;

2) that Plaintiff be appointed as the representative of The Class, and that Plaintiff's counsel be appointed as Class Counsel;

3) For statutory damages of $500,000.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;

4) For reasonable attorneys' fees and costs of suit; and

5) For such further relief as this Court deems necessary, just, and proper;

b. **On the Second Cause of Action for Negligent Violations of the TCPA**:

1) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1);

2) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and

3) any other relief the Court may deem just and proper; and

c. **On the Third Cause of Action for Knowing and/or Willful Violations of the TCPA:**

1) $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1);

2) Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

3) Any other relief the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

RESPECTFULLY SUBMITTED,

Dated: July 15, 2020        **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III

*Attorney for Plaintiff*

CLASS ACTION COMPLAINT FOR DAMAGES